HENRY W. STRATMANN et al.

*vs.*

ELMER R. HAILE, Assignee.

*Power of Sale in Mortgage—Extinction—Dismissal of
Proceeding.*

A power of sale contained in a mortgage was not extinguished by the making of a sale thereunder, which was set aside by the court, and by the subsequent dismissal by the mortgagee, without first obtaining leave of the court, of the proceeding under which he made the sale. p. 35

The mortgagors, after excepting to the sale made under the power in the mortgage, could not object to an order setting aside the sale and authorizing a resale. p. 35

That a mortgagee, after the court set aside a sale made by him under a power in the mortgage, dismissed the proceeding for sale, without first obtaining leave of court, did not deprive him of the right further to avail himself of the power of sale, since the court, on application, would have given him leave to dismiss the proceeding. p. 35

A mortgagee, even after the setting aside of a sale made by him under a power in the mortgage, and his subsequent dismissal of the proceeding for sale, could assign the mortgage to another to enable the latter to sell under the power. p. 36

An oral agreement between the mortgagors and the first and second mortgagees, that, in the event of default under either mortgage, notice thereof should be given to the holder of the other mortgage, and that no foreclosure proceeding should be instituted because of the default until six months after the date of such notice, was inadmissible as against one of the mortgagees, whose mortgage expressly authorized a sale at any time after default. p. 37

*Decided December 20th, 1922.*

Appeal from the Circuit Court for Baltimore County (Preston, J.).

Exceptions by Henry W. Stratmann and Emma F. Stratmann, his wife, and George F. Stratmann and Elsie M. Stratmann, his wife, to a sale, made by Elmer R. Haile, as assignee of a mortgage. From an order ratifying the sale, said exceptants appeal. Affirmed.

The cause was argued before Boyd, C. J., Thomas, Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*C. Clem Graetzel,* with whom was *C. Gus Grason* on the brief, for the appellants.

*Elmer R. Haile,* for the appellee.

Pattison, J., delivered the opinion of the Court.

The appellant, Henry W. Stratmann, bought of Charles E. Weakley a farm, in Baltimore County, at and for the sum of twenty-five thousand dollars. Of this sum he paid $5,000 in cash, and in payment of the balance ($20,000), he gave to Weakley a promissory note, signed by himself and Emma F. Stratmann, his wife, for said amount, dated the 30th day of January, 1920, and payable in three years thereafter, with interest thereon, payable semi-annually. This note was secured by a mortgage upon said farm of even date therewith, executed by Henry W. Stratmann and wife.

To enable him to make the cash payment upon the farm, Henry W. Stratmann borrowed from George F. Stratmann and Elsie M. Stratmann, his wife, the sum of $5,000, and gave to them a note for that amount, dated the said 30th day of January, 1920, payable in three years thereafter, with interest thereon, payable semi-annually, and to secure the payment of the note, with interest as aforesaid, when and as the same became due and payable, Henry W. Stratmann and

wife executed unto George F. Stratmann and Elsie M. Stratmann a second mortgage upon said farm for the amount of said note.

The mortgagors defaulted in the payment of interest on the mortgage to Weakley, and he, on the 31st day of August, 1921, instituted proceedings in the Circuit Court for Baltimore County to foreclose the mortgage; and on the 27th day of September, 1921, the mortgaged property was sold thereunder to C. Wayne Marshall at and for the sum of $12,000, and the sale so made was reported to the court.

To this sale exceptions were filed by the mortgagors, Henry W. Stratmann and wife, the grounds thereof being that the mortgagee had violated the "agreement, conditions and understandings" between them; that the sale was not a fair and open one; that it was conducted by the mortgagee in such manner as to discourage prospective bidders; in consequence of which, as therein alleged, the property was sold for an amount greatly below its value. In the exceptions to the sale the sufficiency of the bond and advertisement was assailed, and it was charged therein that the mortgage claim filed by the mortgagee was false and incorrect. In addition to these the further objection was made that the mortgagee had failed to append to the report of sale an affidavit as to the truth of the statements therein, and that the sale made and reported by him was in all things fairly made.

A day was set for the hearing of the exceptions, and on that day, with the leave of the court, the mortgagee filed an amended report of sale, to which was appended the affidavit which did not appear to the first report, and no argument was heard upon the exceptions filed to the original report.

The mortgagee, a few days after the filing of his amended report, filed a petition, alleging therein that, in view of the exceptions that had been filed to the sale made by him, he thought it best, with the leave of the court, to re-advertise and re-sell the mortgaged property, and he in his petition prayed that an order be passed vacating and setting aside the

sale so made and authorizing and directing him to re-advertise and re-sell the mortgaged property.

Upon the aforesaid petition and the consent of the purchaser that the prayer of the petition be granted, the court passed its order of the same day vacating and setting aside the sale, and authorizing and directing the re-advertisement and re-sale of the property as prayed.

After obtaining the order above mentioned, and after consultation with Mr. Haile, his attorney, the mortgagee, because of the charges of unfairness and misconduct made against him in the sale so vacated and set aside, concluded to assign the mortgage to Mr. Haile for foreclosure, so that the sale might be made and conducted by the assignee and not by him, thereby avoiding a possible repetition of said charges.

To carry out the conclusion reached by him, he paid the costs of and dismissed the proceedings instituted by him, and after withdrawing the mortgage therefrom, he, in the presence of the clerk of the court, and without taking the mortgage from his custody, assigned it to Mr. Haile, who at once instituted proceedings for its foreclosure and filed therein the assigned mortgage.

The property was sold by the assignee under the proceedings so instituted by him for the sum of $12,000, the same amount at which it had been sold and reported in the first proceedings, and the sale was reported to the court for its ratification.

To this sale the mortgagors, as well as the mortgagee of the second mortgage, excepted. But their exceptions were overruled and the sale ratified by an order of the court passed on January 30th, 1922, and from that order this appeal was taken.

The exceptions filed contained a number of grounds upon which the court was asked to vacate and set aside the sale, but the ground upon which the appellants chiefly relied was: That the assignee of the mortgage was without authority to sell under the powers contained in the mortgage, because,

as alleged, Weakley, in the sale made and reported by him and in the dismissal, without the leave of the court, of the proceedings under which the sale was made, had fully and completely exercised that power, and having once exercised it, the power was thereby extinguished, "and the mortgage, as the security for the debt was released, leaving the mortgage note of $20,000 a common debt and not demandable until maturity."

The appellants are obviously wrong in their contention that there was an extinguishment of the power of sale contained in the mortgage resulting from the sale of the property made thereunder by Weakley, which was set aside by the court, and the dismissal thereafter, without the leave of the court, of the proceedings under which the sale was made.

A number of grounds were assigned by the appellants in their exceptions to the sale, and one to the report thereof, made by Weakley.

On the day the exceptions were to be heard, the mortgagee, to meet the objection to the report, amended it by attaching thereto an affidavit. But the objections urged against the sale were not disposed of or acted upon, and because of them, he thereafter asked for, and obtained from the court, an order setting aside the sale and authorizing him to re-advertise and re-sell the property. Of this the appellants could not complain, for it not only gave to them the further opportunity to avoid the sale of the property, if they could so avoid it, but it enabled the mortgagee, in the re-sale of it, to avoid a possible repetition of the charges brought against him in the first sale; and it was to escape such charges that he, after consultation with his counsel, concluded to assign the mortgage to the appellee that the sale might be made by him, and not by the mortgagee.

As the sale was set aside, the parties were in the same position as if no sale had ever been made. The mortgagee was still authorized under the power to foreclose the mortgage by a sale of the property. He, however, determined not to sell it

himself, but to assign it to the appellee for the purpose of
foreclosure. This, he had the undoubted right to do. In
doing this he dismissed the proceedings instituted by him,
without first obtaining the permission of the court to do so.
It doubtless would have been the better practice for him to
have obtained such leave. But his failure to do it did not, we
think, deprive him of the right to further avail himself of the
power of sale, for, had he applied to the court, it no doubt
would have granted him the right to dismiss the proceedings.

In *Forest Lake Cemetery* v. *Baker,* 113 Md. 529, where it
was contended that a mortgage sale made without leave of
court was void, this Court quoted with approval the following
language of JUDGE DORSEY, in *Tyson* v. *Mickle,* 2 Gill, 376 :
"If then the trustees, having exercised a power which, if pre-
viously applied for, would have been granted, as it were as
matter of course, a court of equity will, in the absence of proof
showing the inexpediency and injustice of so doing, ratify the
act done, in the same manner, as if the requisite authority had
been antecedently applied for and granted."

The exceptions to the sale also contained the further objec-
tion that the sale was made in violation of an alleged oral
agreement, entered into by the mortgagee with the mortgagors
and the mortgagees of the second mortgage, by which it was
agreed that in the event of any default occurring in any of
the covenants or conditions of either of said mortgages, the
mortgagee or mortgagees, as the case might be, would give to
the other mortgagee or mortgagees notice of such default, and
that no proceedings should be instituted for the foreclosure of
the mortgage because of such default until after six months
from the date of such notice.

The court, however, refused to admit the alleged oral agree-
ment in evidence, and an exception was taken to the court's
ruling thereon, in which ruling of the court we find no error.

This alleged agreement though claimed by the appellants'
counsel to have been made before or at the time of the execu-
tions of the mortgages by Henry W. Stratmann and wife to
the respective mortgagees, is not incorporated in either of

said mortgages or is there any mention made of it in either of them. But in the mortgage to Weakley it is expressly provided that: "If default be made in the payment of said money (the principal sum), or the interest thereon * * *, or in any agreement, covenant or condition of this mortgage, then the entire mortgage debt shall be due and demandable, and it shall be lawful for the said Charles E. Weakley, his personal representatives or assigns, * * * *at any time* after such default to sell the property hereby mortgaged, etc."

This oral agreement not appearing in the mortgage, though made, as we have said, before or at the time of the execution of the mortgage, if made at all, was in contradiction of the clause contained in the mortgage authorizing the sale of the property at any time after default, and in derogation of the express right of the mortgagee conferred upon him by that provision of the mortgage.

As the order appealed from, ratifying the sale made by the assignee in this case, was, in our opinion, properly passed, it will be affirmed.

*Order affirmed, with costs.*