# FOREST LAKE CEMETERY *vs.* FRANCIS E. BAKER, ASSIGNEE.

*Delay in Transmission of Record on Appeal Attributable Both
to Appellee and Appellant—Papers Filed in One Equity
Cause Not Notice to Parties in Another Cause in Same
Court—Exceptions to Mortgage Sale Must be Sus-
tained by Proof—Mortgage Sale of Property
of Corporation After Appointment of
Receiver—Permission of Court
to Foreclose.*

When the failure to transmit the record on an appeal within
the time prescribed appears to have been caused by the appel-
lee as well as the appellant, the appeal will not be dismissed
on account of the delay.

There were two cases in the same Court relating to the sale of
the same tract of land, one under a mortgage and the other
under a deed of trust of the land subject to the mortgage.
Exceptions were filed to the sale made in the deed of trust
case, which the exceptant prayed might be taken as being also
filed in the mortgage case. In the latter case, no exception
was filed to the sale, but after its ratification a petition was
filed to rescind the same. *Held,* that parties to one equity
cause are not required to examine the proceedings in other
causes of which they have no notice before acting upon the
state of the record in the cause in which they are concerned;
that since no exceptions were filed in the mortgage case, there
was no reason why the sale there reported should not have
been ratified, and that after the sale was ratified the facts
relied on in a petition to rescind the order of ratification
must be clearly established and be of such a character as to
appeal strongly to the conscience of the Court.

Upon exceptions to the ratification of a sale in equity, or upon
a petition to rescind an order ratifying such sale, the facts
relied on must be established by the evidence of the except-

ant. His affidavit alone is not sufficient, although the facts alleged are not denied by the answer. Exceptions unsupported by proof are properly overruled.

When a receiver has been appointed of the property of a mortgagor corporation, there should be no sale under the mortgage without the prior leave of the Court appointing the receiver.

But when the same Equity Court which appointed a receiver of the property of a mortgagor corporation afterwards ratifies a mortgage sale of that corporation's property made without prior grant of permission to foreclose, the order of ratification is valid and binding, since leave to make the sale would have been granted if applied for, and no injury was done on account of failure to make the application.

*Decided June 22nd, 1910.*

Appeal from the Circuit Court for Prince George's County (CLAGETT, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, THOMAS, PATTISON and URNER, JJ.

*J. Altheus Johnson,* for the appellant.

*M. Hampton Magruder,* for the appellee.

THOMAS, J., delivered the opinion of the Court,

Nos. 24 and 25 Appeals were argued and submitted together in this Court. In No. 24 the appeal is from an order of the Circuit Court for Prince George's County, sitting as a Court of Equity, ratifying a sale of certain land in said county, made by David C. Fountain, surviving trustee, under a deed of trust from George B. Starkweather and wife, subject to a mortgage from Samuel Taylor Suit and Rosa Pelham Suit, his wife, to William B. Bowie, and the appeal in No. 25 is from an order of said Court, ratifying a sale made

by Francis E. Baker, assignee of said mortgage, and from an order dismissing the petition of the appellant to strike out the order ratifying the mortgage sale, etc.

Motions were filed by the appellee to dismiss the appeals, but the motion was withdrawn in No. 24, and in No. 25 it appears by the certificate and affidavit of Mr. Richard N. Ryon, clerk of the Circuit Court for Prince George's County, that he had completed the transcript of the record, according to the directions given him by counsel for the appellant, on the 14th of March, 1910; that it had been paid for and that he was ready to transmit it to this Court; that in the afternoon of that day counsel for the appellee requested him to hold the record for the insertion of additional matter, which was inserted on the 15th day of March; that on the 16th of March counsel for the appellant directed him to insert that portion of the record found on pages 69 to 70 (being little more than one-half of a page), containing a description of the land conveyed to the appellant, and requested him not to transmit the record until he had a chance to inspect it, and that it was not transmitted by March 17th because of the order of counsel for the appellant for the insertion of the matter referred to and his request for an opportunity to inspect it. It also appears by the affidavit of counsel for the appellant: that he examined the transcript on the 14th of March and requested the clerk to transmit it at once, and that he stated that counsel for the appellee had requested him to hold it until he could look over it with the view of ordering some additions; that after seeing Mr. Magruder's order he concluded to have the description of appellant's land inserted; that he gave Mr. Ryon the order to insert the description of the land on the morning of the 16th of March, and that Mr. Ryon promised to let him know that afternoon, about 4.35 o'clock, if the record had been completed; that he did not hear from Mr. Ryon that afternoon, and not until the morning of the 17th, when he met him on "the train for Marlborough," and was then told by Mr.

Ryon that he had been obliged to go to· Annapolis ·the night before, and "that the copying had not been done." It, therefore, appears that the transcript of the record, made in accordance with the directions of counsel for the appellant, had been completed and paid for on the 14th of March, and would have been transmitted to this Court within the three months but for the requests of counsel for the appellee and counsel for the appellant for further insertions, and the inability of the clerk to make them in time. It was said in *McConigal* v. *Plummer,* 30 Md. 422, that where the delay in transmitting the record "seems to be equally attributable to appellee as to the appellant" the appeal should· not be dismissed, and, for the same reason, we think that the motion in this case ought not prevail, and it must, therefore, be overruled.

Proceedings to foreclose the mortgage were instituted in the Court below on the 7th day of ·July, 1909, and on the 12th of August, 1909, the appellant, by George B. Starkweather, vice-president, filed in the mortgage case a petition alleging, in substance, that the mortgage debt and the amount secured by the deed of trust had been paid, and praying that the petitioner be allowed to intervene; that Francis E. Baker, assignee of the mortgage, be required to answer the petition; that David C. Fountain be made a party and that he be re· quired to answer, etc., and that they be enjoined from selling the property of the petitioner under said deed of trust and mortgage. An order was passed requiring Francis E. Baker to show cause why the petitioner should not be allowed to intervene, etc., and the Court also passed an order requiring David C. Fountain to show cause why the prayer of the petition should not be granted against him. Francis E. Baker appeared and filed a plea, in which he alleged that the Circuit Court for Prince George's County, sitting as a Court of Equity, on the 9th of June, 1909, on the petition of Stephen H. Hines and others against the appellant, appointed William A. Harrison, receiver, to take charge of

the property of the petitioner; that said receiver filed his
bond, as required by the order of said Court; that the prop-
erty of the petitioner was in the possession of said receiver,
and that, therefore, the petitioner had no right to file said
petition. From an order of Court dismissing the petition as
to Francis E. Baker, the appellant appealed, but the appeal
was subsequently stricken out by the Court below under
section 41 of Article 5 of the Code. On 2nd of September,
1909, David C. Fountain, surviving trustee, filed his report
of sale in No. 3713 Equity, and on the 21st of September,
Francis E. Baker, assignee, filed his report of sale in No.
3698 Equity. On the 27th of September, 1909, the appel-
lant, by George E. Starkweather, vice-president, filed in No.
3713 Equity, exceptions to both sales on the following
grounds:

1. Because the mortgage debt and the debt secured by the
deed of trust had been paid in the manner as stated in the
petition for leave to intervene in the mortgage case.

2. Because the Court, in June, 1909, "without notice of
any kind to the Company, but wholly on the *ex parte* appli-
cations of persons not one of whom had, or pretended to
have, against the Company any claim on which he had sought
redress at law, appointed a receiver and took possession of
the Company's property." This exception further charges
that William A. Harrison, the receiver, "was not only one
of the persons complainant who was desirous of procuring,
by judicial decree of insolvency, a dissolution of the cor-
porate existence of the" appellant, but he has for many years
been most active in his hostility toward the corporation, and
toward the persons whose interest give them a controlling
authority at the meetings of the corporation, and that the
Court having denied the exceptant the right to intervene in
the mortgage case, and the receiver "not having objected to
such sales," the ratification of the sales without any "consid-
eration of the facts" stated in the exceptions "would be tan-

tamount to depriving the protestant of his property without legal process."

3. "Because the said land at the time of each of the said sales was, and since June 10, 1909, had been, in the possession of this Honorable Court (through a receiver appointed by it on June 9, 1909, in Equity Cause No. 3689), and was not at the time subject to a foreclosure sale except by the leave of this Honorable Court, and such leave was neither asked for by the vendors nor was it granted by this Honorable Court, and said sales are void in law."

4. "Because the price at which the land was sold * * * was grossly and notoriously inadequate."

No exceptions to the sale under the mortgage were filed in the mortgage case, No. 3689 Equity, and that sale was finally ratified on the 18th of October, 1909, the order reciting: "no cause to the contrary having been shown, although due notice appears to have been given as required by the order *nisi* passed in said cause." But on the 23rd of October, the appellant, by George B. Starkweather, vice-president, filed a petition in the mortgage case alleging that he had filed in No. 3713 Equity exceptions to the sale under the deed of trust and the sale under the mortgage, and praying that said exceptions be read and considered as having been duly filed in the mortgage case; that the order ratifying the mortgage sale be rescinded, and that said sale be set aside. In , answer to this petition, Francis E. Baker, assignee, denied that the mortgage debt had been paid, and alleged that no exceptions to the sale under the mortgage had been filed in the mortgage case, and that he did not know that exceptions to the mortgage sale had been filed in No. 3713 Equity; that a receiver having been appointed for the appellant, and George B. Starkweather, who represented himself as its vice-president, having been adjudged in contempt of Court, neither he nor the appellant had a right to file said petition. In No. 3713 Equity, David C. Fountain, surviving trustee, filed what he called a "plea" to the exceptions of the appellant, in

which he averred that the property of the appellant was in the possession of the receiver appointed by the Circuit Court for Prince George's County, sitting as a Court of Equity, and that George B. Starkweather was in contempt of Court, and that neither the appellant nor Starkweather had a right to interpose the exceptions to the sale under the deed of trust. These cases were submitted in the Court below without any proof to support the petition or the exceptions to the sales, and the Court, in No. 3713 Equity, overruled the exceptions and ratified the sale under the deed of trust, and in No. 3698 Equity, the petition to rescind the order of ratification and to set aside the mortgage sale was dismissed, with leave to the petitioner, the appellant, to file an amended petition within ten days from the date of said order. From these orders, and the order ratifying the mortgage sale, the appellant appealed.

The appellant admits in its petition that no exceptions to the sale under the mortgage were filed in the mortgage case, and the appellee Baker states in his answer that he did not know that exceptions had been filed in the case relating to the deed of trust. Equity Rule 2 (sec. 131 of Art. 16 of the Code) provides that "The several Clerks of said Courts shall receive and file all papers pertaining to said Courts, respectively, and shall keep substantial dockets, and make all proper entries therein of papers filed and of the proceedings of the said Courts, as they occur; so that the docket entries shall always show, as near as possible, the real condition and progress of the proceedings." And Rule 3 provides that "No order or process shall be made or issued upon any bill, petition or other paper, until such bill, petition or other paper, together with all exhibits referred to as parts thereof, are actually filed with the Clerk." One of the objects of these rules is to secure an accurate record of all proceedings in a case, in order that persons interested may by an examination of the docket entries ascertain the exact state of the proceedings, and while parties are ordinarily bound to take notice of all papers filed in the case, they are not required to examine

the proceedings in other cases, of which they have no notice, before acting upon the state of the record in the case in which they are interested. The usual order *nisi* having been passed, the notice having been given as required by that order, and no exceptions to the sale having been filed in the mortgage case, there was no reason why the sale should not have been finally ratified. In *Brown* v. *Gilmor,* 8 Md. 326, it is said that "Public policy and justice to parties interested require that the ratification of judicial sales by Courts having jurisdiction over the same should be final and conclusive, unless irregularly made by the Court, or unless the purchaser was prevented by misrepresentation, surprise or fraud, from making his objection to the ratification in due time; and it must further appear that such misrepresentation, surprise or fraud, resulted from some act or conduct upon the part of the trustees, or on the part of those interested in the proceedings." This rule, as applicable to a case where the proceeds of sale are still within the control of the Court, is more accurately stated by JUDGE BOYD in the later case of *Connaughton* v. *Bernard,* 84 Md. 590, where it is said: "Where a sale has been ratified. after the publication of the order *nisi* in accordance with the established practice of Courts of Equity, the facts relied on by one seeking to have the sale set aside must be very clearly established and must be of such a character as strongly appeal to the conscience of the Court. But when the Court can see that injustice will be done a purchaser by compelling him to take the property, it has the power to rescind the order of ratification, if the proceeds. of sale are still within its control, provided the purchaser has not by his conduct or neglect deprived himself of the right to relief." Now in this case, No. 25 Appeals (if, as prayed in the petition of the exceptant, the. exceptions filed in the deed of trust case be considered as part of the petition, and as having been filed in due time in the mortgage case), and in No. 24 Appeals, no evidence was offered in the Court below to support the averments that the mortgage debt and the debt secured by

the deed of trust had been paid, and that "the price at which the land was sold, * * * was grossly and notoriously inadequate," and there being no proof to sustain these exceptions, they were properly overruled. Where facts are relied on in exceptions to a sale they must be shown by proof, and the burden is on the exceptant to establish them. His affidavit to the exceptions is not sufficient, even when the facts alleged are not denied by an answer. This rule had been frequently announced by this Court, and is stated in *Miller's Eq. Proc.*, sec. 509. In *Roberts v. Loyola Perp. Build, Ass'n.*, 74 Md. 1, JUDGE McSHERRY said: "It was suggested, however, that the averments in the exceptions must be taken as true, because they are verified by the affidavit of the exceptant, and are not denied by an answer. There is no rule of Equity pleading or practice which gives such effect to exceptions so verified. The appellant seeks to vacate the sales upon the ground that he was not in default, and that he had tendered payment of all arrears and expenses before the sale was made. It was incumbent on him to support these averments by competent proof. None was taken, and, as matter of course, at the hearing the exceptions, being unsupported, were properly overruled." See also *Haskie v. James*, 75 Md. 569.

What we have said applies also to the second exception. There was no evidence to support the averments that Wm. A. Harrison was not a proper person to be appointed a receiver, and that the proceedings in No. 3689 Equity, in which case the receiver was appointed, were irregular. Moreover, if these charges were true, the remedy was by appropriate proceedings in the receivership case, and even if the proceedings in that case were irregular or void, that fact would not be ground for setting aside the sales in these cases. The sales were not made by virtue of authority conferred upon the trustee and assignee of the mortgage, respectively, in the receivership case, and are not dependent upon the validity of those proceedings, but were made under the respective powers of sale contained in the mortgage and deed of trust.

The remaining exception, and 'the only one relied on by counsel for the appellant in his brief, is based upon the allegations that the Court below, in cause No. 3689 Equity, had, on June 9th, 1909, appointed a receiver to take charge of the property of the appellant, and that the receiver had filed his bond and taken possession of the property prior to the sales under the mortgage and deed of trust. The contention of the appellant is that without leave of Court the assignee of the mortgage and the surviving trustee had no authority to sell the property, and the exceptant charges that such leave was not obtained. The order of June 9th, appointed William A. Harrison, receiver, pending the further order of the Court, "with power and authority to take charge and possession of all real estate, goods, wares and merchandise, books, papers and effects of, or belonging to, the said Forest Lake Cemetery of Prince George's County." This order is the only part of the record in the receivership case found in the records in these cases, except certain contempt proceedings against George B. Starkweather, vice-president of the appellant.

The possession of a receiver, who is the agent of the Court appointing him, is the possession of that Court, and while prior liens are not divested by the appointment of a receiver, and he takes the property subject to all existing liens, lien creditors cannot enforce their claims and thus disturb his possession without the permission of the Court. Any attempt to do so would be a contempt of Court, and the claimant may be restrained by an injunction. And it has been held that a sale under execution after the appointment of a receiver, without the consent of the Court appointing him, where the property was subsequently sold by the receiver under an order of the Court, was void and that the purchaser at the execution sale acquired no title to the property. *Walling v. Miller,* 108 N. Y. 173; 15 *N. E.* 65; *Wiswall v. Sampson,* 14 How. 52; 23 *Am. & Eng. Ency. of Law* (2nd. ed.), 1091. It is said, however, in 23 *Am. & Eng.*

*Ency of Law, supra,* that "the Court appointing the receiver may, if it sees fit, grant leave to the creditor to proceed and sell upon execution;" and in 34 *Cyc.* 226: "If a receiver is in possession of mortgaged property the mortgagees cannot interfere with that possession, without leave of Court, by foreclosure suit or attachment, * * * the Court may permit a party holding such lien to proceed against the mortgaged property, although it is in the hands of a receiver, or sell it under the power of sale in the mortgage." This is the rule and practice recognized in this State and by the decisions of other Courts. *Gaither* v. *Stockbridge,* 67 Md. 222; *Brady* v. *Johnson,* 75 Md. 445; *Baker* v. *Hill,* 100 Md. 130; *Miller's Eq. Proc.,* sec. 620; 3 *Cook on Corp.* (4th ed.), sec. 871; *High on Receivers* (3rd ed.), secs. 138-143; *Walling* v. *Miller, supra; Wiswall* v. *Sampson, supra.*

In the case of *Baker* v. *Hill, supra,* the mortgagee, after the appointment of a receiver, filed her petition, setting forth the default of the mortgagor in the payment of his debt and the interest thereon, and praying for leave to foreclose, and the Court passed an order authorizing her to sell the property under the mortgage. And in section 54 of the Act of 1908, Chapter 240, which Act repealed the provisions of the Code, relating to the dissolution of corporations, it is expressly provided that where a corporation has executed a mortgage or deed of trust in the nature of a mortgage, containing a power of sale, and is subsequently dissolved and a receiver is appointed, the power of sale may be executed "as if the proceedings against the corporation had not been instituted." In these cases it does not appear that the appellant corporation was dissolved, nor does it appear that the appellees obtained leave of Court before proceeding to sell under the mortgage and deed of trust, but the sales made by them were reported for ratification to the Court that appointed the receiver, and if there had been any reason why the Court would have refused to grant leave to the appellees to sell, had it been applied for, the Court would not have

ratified the sales. If the sales had been made without the permission of the Court appointing the receiver, and had been reported to and ratified by another Court, a different question would have been presented. Here, however, the sales were reported to the Court having possession of and jurisdiction over the property, and the orders of that Court ratifying the sales are just as binding as they would have been if that Court had, prior to the sales, granted leave to the appellees to sell the property. In *Tyson* v. *Mickle et al.*, 2 Gill, 376, JUDGE DORSEY said: "Had the trustees, instead of accepting the offer and making the sale as they did, reported the aforegoing facts to the Chancellor, and asked his permission to sell the property on the terms proposed, at private instead of public sale, as directed by the decree, can it be doubted that he would have granted the authority they solicited? We think not. If then the trustees, having exercised a power which, if previously applied for, would have been granted, as it were as matter of course, a Court of Equity will, in the absence of proof showing the inexpediency and injustice of so doing, ratify the act done, in the same manner, as if the requisite authority had been antecedently applied for and granted." This principle has been frequently applied by this Court (*Reside* v. *Peter,* 35 Md. 220; *Druid Park Heights Co.* v. *Oettinger,* 53 Md. 46; *Brown* v. *Hazlehurst,* 54 Md. 26)), and was recognized in the opinion of the Court below, in No. 3731 Equity, where, in disposing of this exception, the learned Judge said: "Such an application, perhaps, ought to have been made, and would doubtless have been granted, but the sale should not now be set aside because of the omission, as no substantial injury could arise on account of the failure."

For the reasons stated we must affirm the orders appealed from in this case, but we are not to be understood as expressing any opinion as to the right of the appellant to object to the sale. We have disposed of the exceptions as if the exceptant had the right to interpose them.

*Orders affirmed with costs.*