## PEEPLES v. RAMSPACHER (two cases).
### Nos. 120, 121.

District Court, E. D. South Carolina.
Oct. 9, 1939.

H. Klugh Purdy, of Ridgeland, S. C., for plaintiff.

Abrahams, Bouhan, Atkinson & Lawrence, of Savannah, Ga., and Moore & Mouzon, of Charleston, S. C., for defendant.

MYERS, District Judge.

These actions are for damages alleged to have been suffered from a collision between the automobiles of the plaintiff A. F. Peeples and the defendant on the highway in Beaufort County, State of South Carolina; the complaint alleging that the damages were suffered as a result of the careless and negligent operation of the defendant's car.

The plaintiffs are residents of Savannah, in the State of Georgia; the defendant is a resident of the State of Pennsylvania.

These actions were instituted in the Court of Common Pleas for Jasper County, South Carolina; and plaintiffs, for the purpose of obtaining service on the defendant in Pennsylvania, resorted to the provisions of Section 437, Code of Laws of South Carolina, 1932, by service of process on the Chief of the Motor Vehicle Division of the State Highway Commission; who thereupon, in conformity with the Act, sent copies by registered mail to the defendant and obtained his registry receipt therefor. The Code provision is as follows:

"§ 437. *Service on Non-residents in Actions Arising out of Accidents or Collisions of Motor Vehicles.*—(1) *Director of Motor Vehicle Division Lawful Attorney.*—The acceptance by non-resident of the rights and privileges conferred by the laws now or hereafter in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such non-resident on the public highways of this State, or the operation by such non-resident of a motor vehicle on the public highways of the State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such non-resident of the director of motor vehicle division of the State Highway Department, or of his successor in office, to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him, growing out of, any accident or collision in which said non-resident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally. Service of such process shall be made by leaving a copy thereof, with a fee of one dollar, in the hands of said director of motor vehicle division of the State Highway Department, or in his office, and such service shall be sufficient service upon the said non-resident: Provided, That notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff or the director of motor vehicle division of the State Highway Department to the defendant and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the summons or other process and filed with said summons, complaint and other papers in the cause. The court in which the action is pending shall order such continuance as may be necessary to afford the defendant reasonable opportunity to defend the action.

"(2) *Director of Motor Vehicle Division to Keep Records of All Services.*— The director of motor vehicle division of the State Highway Department shall keep a record of all such processes, which shall show the day and hour of service upon him. When the registry return receipt shall be returned to the director of motor vehicle division of the State Highway Department, he shall deliver it to the plaintiff on request and keep a record showing the date of its receipt by him and its delivery to the plaintiff."

The defendant filed his petition in the Court of Common Pleas for Jasper County (appearing specially for that sole purpose) for removal of the causes to this jurisdiction. The amount involved in each action exceeds the jurisdictional amount. The petition for removal denies that service has been properly made, but admits receipt from the Director of Motor Vehicle Division of the State Highway Department of a copy of the summons and complaint filed under Section 437 of the South Carolina Code. The petition for removal having been granted by the resident Judge of the Circuit of which Jasper County is a part, the defendant now appears in this court, "appearing specially for the purpose of this motion and for no other purpose, and reserving and expressly disclaiming all intention of entering an appearance to this cause, and subject to each of the said reservations, hereby moves the court to vacate and quash the attempted service of the complaint and summons and to dismiss the said service upon the grounds:"

First, that the Court of Common Pleas of Jasper County, South Carolina, was without jurisdiction to hear and determine the cause for lack of proper legal service of the summons and complaint upon the defendant.

Second and Third, that the attempted service under Section 437 of the Code is void as an improper procedure, for the reason that the plaintiff is a non-resident of the State of South Carolina, to wit, a resident of the State of Georgia; and that

the defendant is a non-resident of the State of South Carolina, to wit, a resident of the State of Pennsylvania; and that the automobiles concerned were being operated upon the highways of the State of South Carolina under the privileges extended to them as non-residents at the time of said collision; and that the provisions of Section 437 of the Code are inapplicable to causes of action arising in these circumstances, as the Code does not provide authority for the Director of the Motor Vehicle Division of the State Highway Department of South Carolina to accept summons and complaint in behalf of a non-resident, when the plaintiff is likewise a non-resident. It is urged that the enactment by the legislature of South Carolina of this method of service upon a non-resident was solely for the benefit of and as a protection to the residents and citizens of the State of South Carolina; and that, being in derogation of the common law, it must be strictly construed and cannot be extended by implication to accomplish that which the legislature might have intended, but failed to enact.

A further ground advanced on the motion to set aside the service is the failure of the plaintiffs to file with the summons and complaints the defendant's registry return receipt of mail delivery of copies of the summons and complaints with affidavit of compliance, in the method of service provided in Section 437 of the Code of South Carolina.

■ No authority for these grounds is available, as the questions do not appear to have been passed upon by the Supreme Court of South Carolina. In the absence of limited construction of the Act to residents of the State of South Carolina, as contended for by the defendant, resort must be had to the language of the Act itself, which states that the lawful and proper use of the public highways of South Carolina "shall be deemed equivalent to the appointment by such non-resident of the director of motor vehicle division of the State Highway Department, or of his successor in office, to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him, growing out of, any accident or collision in which said non-resident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

No limitation can be implied under this provision, in the absence of a denial of the jurisdiction of the courts of South Carolina to a non-resident for damages suffered upon a South Carolina highway. On the contrary, it may be assumed that such jurisdiction is available, and that the method of service provided may be resorted to, if the cause of action arises in South Carolina.

■ Further argument that the service is faulty and should be set aside because of the failure of the plaintiffs to file with the summons and complaints the registry return receipt and affidavit of compliance, is, in my judgment, not tenable, because the requirement of the Act is only that the return receipt and the affidavit of compliance shall be "appended to the summons or other process and filed with said summons, complaint and other papers in the cause." With the facts of compliance under the terms of the Act admitted, it is my construction of the requirement for full and complete service that the return receipt and affidavit may be filed with the said summons, complaint and other papers in the cause at any time before trial. In other words, service is completed, "as if personally served", by leaving a copy thereof ("summons or other lawful process") with the director of the motor vehicle division of the State Highway Department (and payment of the required fee), provided that either the director or the plaintiff himself sends to defendant "forthwith" by registered mail copies of the papers so served upon the director. The filing of the return receipt and affidavit of compliance are equivalent to affidavit of personal service in ordinary procedure. The use of the word "forthwith", even in the absence of a comma in the provisional clause, must be construed as having relation only to the forwarding by registered mail to the defendant, whether by the director or by the plaintiff. If forwarded by the director, he (the director) is required to deliver the return registry receipt to the plaintiff on request. Actual service having been made upon the director, neither delay in return of the registry receipt, nor delay in delivery of the registry receipt to the plaintiff upon request, by the

director, if the forwarding was done by him, need delay the filing of the summons and complaint with the clerk of court. The required appending and filing of such receipt, and of affidavit of compliance with the statute otherwise, must be "with the summons, complaint, and other papers in the cause", as distinguished from defendant's construction that it must be under the terms of the Act "appended" to and filed simultaneously with the filing of the summons and complaint. My conclusion that the provisions of the Act do not require contemporaneous filing is based upon the construction of the word "appended" as "added to" as a subordinate addition or adjunct; here required to evidence, but not as a necessary part of, actual service of process. Personal service where the statutory provision here outlined is resorted to could not be evidenced by the affidavit of personal service provided in ordinary procedure. Hence the substituted method provided by the statute. Further consideration of the provisional section of the South Carolina statute suggests that it was not the intention of the Legislature to require the doing of a thing which obviously could not be done. The "forthwith" requirement could necessarily have reference only to the forwarding of the process by registered mail immediately upon or after the required service upon the director of the motor vehicle division of the State Highway Department, in view of the fact that there must be necessary delay in the filing of the return receipt and affidavit, at least until the registry receipt had been returned to or had reached the hands of the plaintiff for the purpose of filing.

■ The statement in Rule 4(g) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, "Failure to make proof of service does not affect the validity of the service", does not conflict with the provisions of the South Carolina statute; but, as I see it, is merely a restatement of the recognized rule existing prior to the effectiveness of the Federal Rules.

■ The court having orally refused the motion to dismiss and vacate the service, after full hearing, counsel for the defendant suggested the propriety of the court on its own motion denying jurisdiction under the restrictions of Title 28, § 112, U.S.C.A., that "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is-founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," and that Sec. 71 of Title 28 apparently limited the right of removal thereunder to suits "of which the district courts of the United States are given original jurisdiction."

The court having considered the general rule as to dismissal upon appearance of a fatal jurisdictional question, finds and holds that the venue provisions restrictive of the right of removal in Sec. 112 have no application to the removal of causes. See Lee v. Chesapeake & Ohio Ry. Co., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443, which clearly disposes of the prior ambiguities due to conflicting opinions and definitely decides that the district court has jurisdiction to proceed to determination of a cause removed by the defendant to the district court, even though it be apparent that the cause could not have originally been instituted in the district.

It is therefore ordered That the motion to dismiss and vacate the service upon the defendant be and the same is hereby denied, and that the jurisdiction of this court be exercised.