SALUSTIANO MALDONADO ETC., Plaintiff and Appellee, *v.* NICOLÁS COLÓN ET AL., Defendants and Appellants.

No. 9542. Argued February 3, 1948.—Decided March 5, 1948.

318

*Hipólito Marcano* and *Santiago de la Fuente* for appellants.  *Alvaro Ortiz* for appellee.

Mr. Justice Snyder delivered the opinion of the Court.

On November 7, 1945 Salustiano Maldonado, personally and on behalf of the *Unión de la Industria Marítima* affiliated with the *Unión de Empleados de Muelles de Puerto Rico,* filed in the district court of Humacao an injunction suit to recover possession of a certain house and lot, known as the *Templo del Trabajo.*  He alleged that he was in possession of the property within the year preceding the filing of the complaint, and that on August 26, 1945 the defendants deprived him of possession thereof.  After certain preliminary proceedings, a trial on the merits was held and judgment entered in favor of the plaintiff.  The case is here on appeal from that judgment.

■ The first error is the alleged nullity of the return containing proof of service of the defendants. There is no dispute that the defendants were properly served by one César A. Pillot, a private person.

Rule 4(*g*) of the Rules of Civil Procedure requires a private person to file proof of service by affidavit. However, for some unexplained reason the affidavit of proof of service was executed by the plaintiff rather than by Pillot, who actually made the service.

After providing for proof of service by affidavit, Rule 4(*g*) then provides: "The failure to file the proof of service does not affect the validity of such service." This was included in the Rule "to prevent a defendant who has been served from attacking the validity of service upon him on the technical ground that the person making service failed to make proof thereof." 1 Moore's Federal Practice, § 4.39, p. 364; *Peeples* v. *Ramspacher,* 29 F. Supp. 632 (S.C., 1939). The defendants do not dispute the fact that they were actually served by Pillot. The failure to file a proper proof of service therefore does not under Rule 4(*g*) affect the validity of the service.

■■ In 1944 there was a union in Humacao known as *Unión Local de Estibadores Núm. 1584,* affiliated with the International Longshoreman's Association (I.L.A.), District of Puerto Rico. It owned the house and lot in dispute herein. On November 27, 1944, at an alleged meeting of this union, a resolution was passed to terminate its affiliation with the I.L.A. and to become an independent union. At another alleged meeting on December 9, 1944 the union agreed to affiliate with the *Unión de Empleados de Muelles* of the CGT.

The second error is directed to the alleged finding of the district court that these meetings took place and that the resolutions were validly enacted. The contention of the ap-

pellants is that the resolutions were invalid because the meetings at which they were passed were held without a quorum.

This alleged error would be important if we were determining title or the right to possession. But here we are inquiring only if the plaintiff and the group he represents—the CGT union—were in possession of the property involved herein within the year preceding the filing of the complaint. Even if the group represented by the plaintiff is not the legal successor of Union No. 1584 and is a different group which in 1944 split off from Local No. 1584, the plaintiff nevertheless must prevail if he and his group were, within one year preceding November 7, 1945, in possession of the house which admittedly belonged to Local No. 1584 before dissension arose within that union.

The district court correctly stated that this case is not the appropriate proceeding in which to determine if the meetings were properly held and if the resolutions were validly enacted. As the lower court pointed out, the only issue here is whether the plaintiff and the new union had been in physical possession as alleged in the complaint.

We cannot agree that the second error was committed because (1) the lower court made no finding as to the legality of the meetings and resolutions, and because (2) even if it had, that finding would be irrelevant for purposes of this case.

The appellants assign as the third error the action of the district court in admitting in evidence a copy of the charter of the *Unión de Empleados de Muelles de Puerto Rico,* affiliated with the CGT. We are satisfied that the failure to produce the original was sufficiently explained: it was in the house involved herein from which the plaintiff alleged he had been dispossessed. In addition, for the reasons we gave in disposing of the second error, the question of the status of the two unions, including the terms of their charters, does not concern us here.

■ The fourth error reaches the heart of the case. The appellant contends that the lower court erred in finding that the *Unión de la Industria Marítima* was in physical possession of the property within the year preceding the filing of the complaint. We state first the undisputed facts. Local No. 1584 had been in existence since 1938. In 1942, due to the war, all the open ports in Puerto Rico, including the port of Punta Santiago, Humacao, were closed and remained that way until April, 1945. The men in these two groups were forced to find work elsewhere. As a result, there was very little union activity during this period. In August, 1945 the group still calling itself Local No. 1584 called a general assembly in the house in question, but could not obtain the key. They therefore forced the lock, installed a new lock, held their meeting, and have been in possession since that date.

However, there was a conflict in the testimony as to whether the plaintiff was in possession of the key in August, 1945, and whether he was President of the CGT group at that time. But there was testimony to this effect, which the district court believed. And there is nothing in the record to justify interference by us with the findings of the district court in this respect.

It cannot be denied that the testimony in the record with reference to the possession of the plaintiff and the new union is somewhat sparse. But it is sufficient to support the conclusion of the lower court that ''the plaintiff had the key of the house involved herein and the *Unión de la Industria Marítima* continued to hold its meetings there from December 1944 until August 26, 1945.'' This contrasts with the finding of the lower court, also based on adequate testimony, that between December, 1944 and August 26, 1945 the group which remained faithful to Local No. 1548 never met again in this house after December, 1944, but met in the house of the defendant Nicolás Colón. In view of the fact that the building was owned by a union and was therefore used only intermit-

tently, we agree with the district court that these facts constituted physical possession by the plaintiff and his union for purposes of this suit within the year preceding the filing of the complaint.

The fifth error is that the testimony did not sufficiently identify the house. The defendants concede that the property was adequately described in the complaint. In their answer the defendants admitted they were in possession of the property as thus described. We therefore see no reason why any testimony whatsoever was necessary in connection with the identity of the property, which was never put in issue by the defendants. The judgment, which described the property as alleged in the complaint, was justified in the light of the pleadings.

The judgment of the district court will be affirmed.