## KERTES MFG. CORP. v. SPEIDEL CORP.

United States District Court,
S. D. New York.

Oct. 31, 1949.

Harry Price, New York City, for plaintiff.

Byerly, Townsend & Watson, New York City, Ralph M. Watson, New York City, of counsel, appearing specially for defendant.

RYAN, District Judge.

 1. Motion to quash the service of summons is denied. Applying "the practical, non-technical business standard", United States v. Scophony Corp., 333 U.S. 795, 810, 68 S.Ct. 855, 92 L.Ed. 1091, defendant is doing business in this district. Its local activities are continuous and sufficient to satisfy the demand of due process, International Shoe Co. v. State of Washington, 326 U.S. 310, 317, 66 S.Ct. 154, 90 L.Ed. 95; it is not unreasonable to require defendant to defend this suit in this district. Valid service was effected on it. Bomze v. Nardis Sportswear, 2 Cir., 165 F.2d 33; Latimer v. S/A Industrias Reunidas F. Matarazzo, 175 F.2d 184.

Failure to file the return and proof of service of the summons as required by Rule 4(g), Fed. Rules Civ. Proc. 28 U.S.C.A., does not affect the validity of the service. Plaintiff is directed to comply with this rule within 10 days after entry of an order hereon.

2. Motion to dismiss for improper venue is also denied. Continuous solicitation of business is itself "doing business" within the meaning of the venue provisions. Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 166 F.2d 788.

3. Motion to dismiss the complaint is granted with leave to plaintiff to serve an amended complaint within 20 days separately stating and numbering the various counts, alleged in one count in the present complaint. The complaint in one count now seeks a declaratory judgment on the following: (a) validity of defendant's patents; (b) infringement of these patents; (c) validity of trademark; (d) infringement of trademark. It also claims damages for unfair competition based upon common law rights, independent of the above. As to this a right to a jury trial exists. Further, it seeks damages for alleged violations of both the Sherman and the Clayton Acts, 15 U.S.C.A. §§ 1–7, 15 note, 12 et seq.; a jury trial may be demanded here. While technical rules are not to be applied to pleadings in federal courts, nevertheless a complaint must present an orderly statement of the claims, set forth in clear and definite language so that separate issues may be properly framed and a trial follow without unnecessary complications. The complaint in its present form does not serve this purpose.

4. Motion to transfer on the ground of *forum non conveniens* under Section 1404, 28 U.S.C.A. is denied without prejudice to renewal thereof after service of the amended complaint or after issue has been joined.

The convenience of witnesses and the interests of justice cannot be properly determined until the complaint has been served in final form and plaintiff's claims definitely stated, or until the answer has created the issues so that the necessity and importance of individual witnesses can be judged.

Settle separate orders on each motion.