TIDEWATER INSURANCE ASSOCIATES, INC. ET AL.
*v.* DRYDEN OIL COMPANY, INC. ET AL.

[No. 979, September Term, 1978.]

*Decided May 9, 1979.*

416

The cause was argued before THOMPSON, MELVIN and MASON, JJ.

*Andrew McGill Whelan,* with whom were *George M. Radcliffe* and *Niles, Barton & Wilmer* on the brief, for appellants.
*William F. Mosner,* with whom were *Power & Mosner* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

Tidewater Insurance Associates, Inc. and its subsidiary, International Underwriters, Ltd., both of which are hereinafter referred to as Tidewater, appeal from a judgment entered against them in the Circuit Court for Baltimore County, (Raine, J.) at the suit of Dryden Oil Company, Inc., appellee, hereinafter called Dryden.

On November 30, 1976, Dryden commenced proceedings against Tidewater to recover damages which Dryden suffered as a result of a fire on its premises which Tidewater, acting as Dryden's insurance broker, had failed to insure. On April 3, 1978, Tidewater obtained an order permitting it to file a third-party claim against a London insurance brokerage house (Gallagher, Hinton and Vereker, Ltd.) on the basis that Tidewater had placed an order with the London broker to cover the Dryden premises with fire insurance, but the London broker negligently failed to process the order. The trial court permitted the filing of the third-party claim

"without prejudice as to rights of Dryden to proceed without delay against original Defendant."

Trial in the original case proceeded as scheduled and resulted in a monetary judgment in favor of Dryden. The judgment was entered on May 3, 1978, after a motion for a new trial was denied. Tidewater filed an appeal to this Court on May 21, but thereafter dismissed its appeal, stating that Rule 605 a [1] prevented the verdict of April 12, 1978, from being a final judgment as there had been no disposition of the third-party claim.

While the appeal was pending Dryden filed garnishment proceedings against Tidewater's bank to collect its judgment; Tidewater moved to quash the attachment. At the hearing on the motion the trial judge, recognizing that there had been no service on the third-party defendant prior to the time that the original case was decided, nevertheless quashed the attachment stating the judgment of May 3 was not final. At the same time the court made an express determination that there was no just reason for delay and directed entry of a final judgment on the merits as of August 21, 1978.

Subsequently, Tidewater instituted a new appeal from the judgment of August 21, 1978. Dryden has appealed from the order quashing the attachment contending its judgment was final on May 3, 1978, when the trial court had disposed of the only claim over which it had jurisdiction. We agree that the judgment on May 3, was final and thus under *Clinton Petroleum Services, Inc. v. Norris,* 271 Md. 665, 319 A. 2d 304 (1974) we must dismiss Tidewater's appeal *sua sponte.* On the other hand, we do have jurisdiction to hear the appeal of Dryden from the judgment quashing its attachment which was entered on August 21, 1978.

---

1. Rule 605 a states:

"Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

Tidewater argues that under Rule 605 a a claim is presented when it is filed and the lack of service is not controlling. The only Maryland authority shedding any light on this issue is *Hardy v. Metts,* 282 Md. 1, 381 A. 2d 683 (1978), which held that a judgment was final and appealable when it was entered against the only defendant who had been served with process. There, a wrongful death claim was asserted against both the driver and the owner of an automobile. Only the driver was served with process. A default judgment was eventually entered against that defendant and in determining when the judgment became final and appealable, the Court of Appeals said:

> "[I]t is clear under our prior decisions that when the judgment by default was entered on January 20, 1977, against the only defendant (Larry Metts) over whom the trial court had obtained jurisdiction, all *claims* were finally adjudicated so as to start the running of both the appeal and the preenrollment revisory power periods." 282 Md. at 5 (Emphasis added.)

It is clearly the holding of this case that where a final judgment has been entered against all those within the jurisdiction of the court, the time for filing an appeal begins to run. It does not matter that a claim has been asserted against a party who is not before the court.

Tidewater seeks to distinguish this case on two grounds. First, that *Hardy* did not involve a third-party claim but rather only a claim against two co-defendants. Appellant does not elaborate upon this alleged distinction and we see no merit in it. The Court of Appeals has held on several occasions that the term "multiple claims" as used in Rule 605 a includes multiple parties. *Moritz v. Church of Jesus Christ of the Latter Day Saints,* 266 Md. 220, 292 A. 2d 84 (1972); *Picking v. State Finance Corp.,* 257 Md. 554, 263 A. 2d 572 (1970). We think the holding in *Hardy* requires the conclusion that when a party against whom a claim has been asserted has not been brought within the jurisdiction of the court, the claim

against that party has not been presented to the court for purposes of Rule 605 a.

The second alleged distinction between *Hardy* and this case is that the claim against the unserved party in *Hardy* had somehow lost its vitality through the lapse of time, whereas the third-party claim filed in the instant case was still "viable" when the judgment was entered against Tidewater. Again we see no substance in the alleged distinction. The holding in *Hardy* was not related to the length of time the claim had been filed. It was based instead on whether the parties were, or were not, properly before the court. Appellants' argument in this respect is nebulous and cannot form a sound basis for determining the applicability of the rule.

Support for our holding may also be found in certain federal cases construing Federal Rule of Civil Procedure 54 (b). In *Diener Enterprises, Inc. v. Miller,* 266 Md. 551, 554, 295 A. 2d 470 (1972), the Court said:

> "This rule [Md. Rule 605 a] was modeled after Rule 54 (b) of the Federal Rules of Civil Procedure and uses substantially the same language. This renders interpretations of the federal rule especially persuasive as to the meaning of the Maryland rule."

Both *United States v. Studivant,* 529 F. 2d 673 (3d. Cir. 1976) and *Ferguson v. Bartels Brewing Company,* 284 F. 2d 855 (2d. Cir. 1960) hold that Federal Rule 54 (b) will not deprive an appellate court of jurisdiction where a judgment has been rendered but claims remain against defendants who have not been served. We think the purposes of the rule apply equally whether or not the unserved persons are original or third-party defendants. *See also, Siegmund v. General Commodities Corp.,* 175 F. 2d 952 (9th Cir. 1949).

Whatever solace it may be to Tidewater's counsel, we will state that had its appeal been before us on the merits we would have affirmed the judgment of the trial court.

Inasmuch as the judgment of May 3, was final, it follows that the attachment on the judgment should not have been quashed.

> *Appeal of Tidewater Insurance Associates, Inc. and International Underwriters, Ltd. dismissed.*
> *Order of August 21, 1978, quashing the attachment reversed.*
> *Costs to be paid by Tidewater Insurance Associates, Inc. and International Underwriters, Ltd.*