525 A.2d 637

STATE HIGHWAY ADMINISTRATION et al.

v.

Evelyn KEE, Pers. Rep. of the Estate of
Mark Schaffert et al.

No. 120 Sept. Term, 1986.

Court of Appeals of Maryland.

May 26, 1987.

Hugh G. Stevenson, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Ralph S. Tyler, Margaret Lee Quinn, Carolyn A. Quattrocki, Asst. Attys. Gen. and James K. Eagan, Sp. Atty., on the brief), Baltimore, for appellants.

Paul Victor Jorgensen, Middletown, for appellees.

Argued before ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ., and CHARLES

E. ORTH, JR., Associate Judge of Court of Appeals of Maryland (retired), Specially Assigned.

RODOWSKY, Judge.

We granted certiorari in *Kee v. State Highway Administration*, 68 Md.App. 473, 513 A.2d 930 (1986) to review issues involved in the State's waiver of sovereign immunity as related to the insurance fund administered by the State Treasurer. Instead, we are confronted with an appealability issue that had been obscured by noncompliance with the Maryland Rules concerning returns on the service of process.

Respondents are the plaintiffs in wrongful death, survival, and personal injury claims arising out of a single car, motor vehicle accident. The vehicle had two occupants, who were brothers. While traveling on a state highway on a hill near Braddock Heights, in Frederick County, the vehicle failed to negotiate a curve, went through a guardrail, and plunged down an embankment. The driver died at the accident scene, but the passenger survived. On September 24, 1985, one day short of three years after the accident, respondents filed a complaint against the State Highway Administration (SHA) and against Green Acres, Inc. (Green Acres), allegedly "a Pennsylvania corporation doing business in Maryland" and the party with which SHA had contracted for repair of the guardrail involved in the accident.

In due course the circuit court entered summary judgment in favor of SHA based upon sovereign immunity. On respondents' appeal the Court of Special Appeals reversed and remanded. Our present concern, however, is with the claim against Green Acres.

The caption of the complaint of September 24, 1985, gave "Butts Street, P.O. Box 687, Sharon, PA 16146" as the address of Green Acres. Part of the initial docket entries for the action state that a summons for Green Acres was prepared for the plaintiffs' attorney to mail and that a copy was sent to him. The circuit court file contains a copy of

that summons directed to Green Acres at the Sharon, Pennsylvania address and issued September 25, 1985. That writ of summons remained effective for service made on or before November 25, 1985.[1]

Plaintiffs' counsel, as the person to whom the clerk, per Rule 2–112(a), had delivered the summons for service, was thereafter obliged to file a return as required by Rule 2–126. In relevant part Rule 2–126 provides:

(a) Service by Delivery or Mail.—An individual making service of process by delivery or mailing shall file proof of the service with the court promptly and in any event within the time during which the person served must respond to the process. The proof shall set out the name of the person served, the date, and the particular place and manner of service. If service is by certified mail, the proof shall include the original return receipt. If service is made by an individual other than a sheriff, the individual shall file proof under affidavit which shall also state that affiant is of the age of 18 or over.

. . . .

(d) Service Not Made.—An individual unable to make service of process in accordance with these rules shall file a return as soon thereafter as practicable and in no event later than ten days following the termination of the validity of the process.

(e) Return to Include Process.—A return shall include a copy of the process if served and the original process if not served.

. . . .

(g) Effect of Failure to Make Proof of Service.—Failure to make proof of service does not affect the validity of the service.

---

1. Rule 2–113 provides:

A summons is effective for service only if served within 60 days after the date it is issued. A summons not served within that time shall be dormant, renewable only on written request of the plaintiff.

Thus, had Green Acres been served in Maryland, *e.g.*, because it did business here as alleged in the complaint, proof of service should have been filed within thirty days after service was effected. Rule 2–321(a). If Green Acres had been served in Pennsylvania, *e.g.*, because service "outside this State [was] authorized by the law of this State" (Rule 2–121(a)), then plaintiffs' counsel should have filed proof of service within sixty days after service. Rule 2–321(b)(1). If plaintiffs' counsel had been unable to effect service, then under Rule 2–126(d) he should have filed a return no later than December 5, 1985, *i.e.*, no later than ten days following the termination of the validity of the process.

Plaintiffs' counsel did none of the above.

On January 17, 1986, the clerk received a letter dated January 14, 1986, from plaintiffs' counsel which in part read: "Please reissue a Writ of Summons to be served on the Defendant Green Acres, Inc....." The clerk prepared a new writ of summons dated January 17, 1986, and again directed to "Green Acres, Inc., a Pennsylvania Corporation, Butts Street, P.O. Box 687, Sharon PA 16146." The docket entry of January 17, 1986, notes in part that the summons was prepared for the attorney to mail and "[c]opy sent."

This second writ of summons for Green Acres remained effective for service until March 18, 1986, and, had plaintiffs' counsel been unable to effect service on the party named therein, a return to that effect should have been filed no later than March 28. No return of *"non est"* has been filed. Nor has any proof of service been filed.

Summary judgment in favor of SHA was entered April 7, 1986, and plaintiffs' order for appeal was filed on May 7, 1986. The judgment in favor of SHA had not been certified by the circuit court for immediate appeal under Rule 2–602(b).

At an early stage of the civil appeals process an information report is required by Rule 1023. It asks:

Did judgment finally dispose of all claims by and against all parties? If not, please explain why judgment is appealable.

Respondents answered:

It disposed of all claims against governmental defendants; although a private defendant has also been named, plaintiffs have been unable to locate said defendant.

■ At oral argument before this Court we raised, *sua sponte*, the appealability issue.[2] Set forth below is part of the colloquy between this Court and respondents' counsel which took place at the beginning of oral argument by counsel for SHA.

THE COURT: Well the question is—were they [Green Acres] served?

PLAINTIFFS' ATTORNEY: We served somebody up there named Green Acres. It turned out to be the wrong party. In the meantime we've been trying to get the name of the correct contractor from the State. The State has refused to provide that....

THE COURT: Well when you found out that you had named and served the wrong party, were they dismissed? Was the party you served dismissed?

PLAINTIFFS' ATTORNEY: No, your Honor, because frankly there's still a question in my mind as to whether or not they were in fact the correct party.

THE COURT: So in other words you may have named and served the correct party.

PLAINTIFFS' ATTORNEY: Right, we may have.

Then, when counsel for the respondents arose to address this Court, we returned to the appealability issue. The relevant part of that colloquy is as follows:

---

**2.** Appealability is jurisdictional, and we are obliged to raise questions of our own jurisdiction. *See Maryland-Nat'l Capital Park & Planning Comm'n v. Crawford,* 307 Md. 1, 15 n. 6, 511 A.2d 1079, 1086 n. 6 (1986); *Board of Educ. v. Hubbard,* 305 Md. 774, 787, 506 A.2d 625, 631 (1986); *Washington Suburban Sanitary Comm'n v. Frankel,* 302 Md. 301, 307, 487 A.2d 651, 654 (1985); *Starfish Condominium Ass'n v. Yorkridge Service Corp.,* 292 Md. 557, 562, 440 A.2d 373, 376 (1982).

THE COURT: Is it clear that you did serve Green Acres?

PLAINTIFFS' ATTORNEY: No, your Honor. That's a problem. We served a corporation in Pennsylvania called Green Acres, but they're a golf course. They're not a contractor.

. . . .

PLAINTIFFS' ATTORNEY: It was my determination that that was the incorrect party and I was hoping eventually through discovery with the State to find out who actually did or did not do this work that had been contracted.

. . . .

PLAINTIFFS' ATTORNEY: They've never been—we have not served the Green Acres that we're alleging the argument against.

THE COURT: But you did serve a Green Acres?

PLAINTIFFS' ATTORNEY: We did serve a Green Acres.

██ Whether the summary judgment in favor of the State is appealable without a Rule 2–602(b) certification turns on whether Green Acres is a party over whom the circuit court acquired in personam jurisdiction. If the summary judgment disposed of all claims against the only party over whom the circuit court had acquired jurisdiction, then the judgment was final and appealable without certification. *See Hardy v. Metts,* 282 Md. 1, 381 A.2d 683 (1978); *Tidewater Ins. Assocs. v. Dryden Oil Co.,* 42 Md.App. 415, 401 A.2d 178 (1979). Similarly, under Fed.R.Civ.P. 54(b), from which Maryland Rule 2–602 is derived, a named defendant who has not been served is not a party for the purpose of determining finality of a judgment. *See Leonhard v. United States,* 633 F.2d 599 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *De Tore v. Local # 245 of the Jersey City Pub. Employees Union,* 615 F.2d 980 (3d Cir.1980); *Siegmund v. General Commodities Corp.,* 175 F.2d 952 (9th Cir.1949). On the other hand, if

Green Acres has been served, this is a multiple parties case without a final judgment under Rule 2–602, and the appeal is premature.

■ Respondents' counsel admitted at oral argument in this Court that he had served the corporation identified by name and address in the complaint. We may act upon concessions and admissions made in oral argument. *See J.I. Case Credit Corp. v. Insley,* 293 Md. 483, 445 A.2d 689 (1982); *Bogley v. Middleton Tavern, Inc.,* 288 Md. 645, 655, 421 A.2d 571, 575–76 (1980) (per curiam) (deciding Motion for Reconsideration and Clarification). The fact that respondents' counsel, as the process server, failed to make proof of service as required by Rule 2–126(a) "does not affect the validity of the service." Rule 2–126(g). In this respect Maryland Rule 2–126(g) tracks Fed.R.Civ.P. 4(g) which also in part provides that "[f]ailure to make proof of service does not affect the validity of the service." The federal rule has been applied literally to recognize a court's jurisdiction over a party served despite the lack of a return of service. *See Davenport v. St. Mary Hosp.,* 633 F.Supp. 1228 (E.D.Pa.1986); *Szabo v. Keeshin Motor Express Co.,* 10 F.R.D. 275 (N.D.Ohio 1950); *Hale v. Morgan Packing Co.,* 91 F.Supp. 11 (E.D.Ill.1950); *Kertes Mfg. Corp. v. Speidel Corp.,* 93 F.Supp. 483 (S.D.N.Y.1949); *Peeples v. Ramspacher,* 29 F.Supp. 632 (E.D.S.C.1939). Consequently, this is a multiple party case.

The State, seeking to sustain judgment finality, urges that the lack of any proof of service on Green Acres in the record transmitted by the clerk of the circuit court should be dispositive and submits that a party should not be permitted to undermine facial appealability by admissions at appellate argument. The record in this case, however, is facially ambiguous because the Maryland Rules require either proof of service or a return of nonservice. Indeed, that very ambiguity prompted the question by this Court at argument. One purpose for requiring a return of nonservice is to enable all parties to determine who is in the case and who is not. Thus, the State, as appellee in the Court of

Special Appeals, also had a stake in avoiding a premature appeal. The State had notice from the circuit court record that a writ of summons for Green Acres had been issued on which no return had been made one way or the other, and the State had notice from Rule 2–126(g) that failure to make proof of service would not affect the validity of service.

There is an additional reason why, in applying Rule 2–602, we decline to limit parties to the action only to those who have appeared or as to whom proof of service has been made. That approach would violate the policy against piecemeal appeals that is the foundation of Rule 2–602. It is rather clear that respondents' strategy here is to keep the status of Green Acres as fluid as possible. If respondents are able to recover from the State, that may be the end of the action as a practical matter. If respondents do not recover from the State, then, unless respondents completely abandon the action, they would have to address the status of Green Acres. Respondents might attempt to press the claim against the corporation served, or respondents might attempt service on another person, contending that the service previously effected was the result of a mere misnomer and that the person later served should be considered to have been sued as of the date this action was instituted. These kinds of issues could give rise to future appeals. Absent a proper certification, Rule 2–602 is designed to bring all issues in an action up for appellate review in one appeal.

■ We point out that our holding deals solely with appealability. Whether service on Green Acres of Sharon, Pennsylvania resulted from a misnomer or a misjoinder is not before us and does not affect appealability. On remand, respondents will have to decide whether to seek a Rule 2–602(b) certification or to dismiss the process served.

If a subsequent appeal is taken from a final judgment in this case, and if a petition for writ of certiorari is filed and granted, we shall, at the parties' option, permit the case to

be heard upon the existing briefs. *Potter v. Bethesda Fire Dep't, Inc.*, 302 Md. 281, 487 A.2d 288 (1985).

We have also asked the Rules Committee to consider whether to recommend changing the present Rules in light of the problem revealed by this case.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THAT COURT FOR THE ENTRY OF A MANDATE DISMISSING THE APPEAL. COSTS TO BE PAID BY THE RESPONDENTS.

McAULIFFE, Judge, dissenting.

When Respondents filed their timely appeal on 7 May 1986, the record and docket of this case in the Circuit Court for Frederick County showed that the judgment from which the appeal was taken finally disposed of all the claims between all the parties who were before the court. What did not appear of record was the fact that at some unspecified time a Pennsylvania corporation named as an additional defendant had been served by mail with original process. The majority apparently infers that the summons issued on 17 January 1986 was served before its expiration sixty days later, that service was made upon the registered agent or a proper officer of the corporation as required by Maryland Rule 2–124(c), and that a copy of the complaint as well as the summons was served by restricted delivery certified mail. These inferential findings are supported only by the statement made by counsel at oral argument to the effect that "we served somebody up there named Green Acres." Moreover, the inference that service was accomplished during the life of the summons, i.e., prior to 19 March 1986, stands in apparent conflict with the certification made by Respondents' counsel to the Court of Special Appeals on 14 May 1986 that "although a private defendant has also been named, plaintiffs have been unable to locate said defendant."

A proper return is *prima facie* evidence of valid service of process. *Sheehy v. Sheehy*, 250 Md. 181, 185, 242 A.2d

153 (1968). In this case, however, Respondents had not filed a return as to Green Acres, Inc. at the time of oral argument, and for all we know, they have never filed such a return. Considering the substantive and procedural requirements for valid mail service on an out-of-state corporation, the general statement of counsel that Green Acres, Inc. was served should not be sufficient to abort this appeal.

Additionally, and more importantly I disagree with the majority's holding that the docket entries in a case are not controlling on the issue of whether a party is before the Court within the meaning of Rule 6–202. Precious few things are certain in the law of final and appealable judgments and I would not introduce additional uncertainty. I would hold that the docket entries as they exist at the time of the filing of an appeal are controlling on the question of which parties are before the Court within the meaning of that Rule. On rare occasions this approach will result in a piecemeal appeal, i.e., an appeal allowed even though an additional party has in fact been served before the appeal is noted. On balance, that is a small price to pay for the peace of mind and certainty that results from allowing the record to control for purposes of this Rule. According dignity to the record will hardly break new ground.

Formerly the acts and judicial proceedings of certain courts were enrolled in parchment for a perpetual memorial, which rolls were called the record of the court, and were considered of such high and supereminent authority that their truth was not to be called in question. It was from this fact that these tribunals derived their name of courts of record. In modern courts the parchment roll is discarded, but their records still retain their character as a judicial memorial of "high and supereminent authority." The court hears arguments upon its records; it decides upon its records; it acts by its records; its openings and sessions and adjournments can be proved only by its records; its judgments can only be evidenced by its

records—in a word, without its records it has no vitality. (Footnotes omitted.)

7 R.C.L. § 45, at 1017–18 (1915).

In *Forest Lake Cemetery v. Baker,* 113 Md. 529, 535–36, 77 A. 853 (1910), after quoting the rule that then pertained to the responsibility of the clerk to keep records and dockets [1], our predecessors said:

> One of the objects of these rules is to secure an accurate record of all proceedings in a case, in order that persons interested may by an examination of the docket entries ascertain the exact state of the proceedings, and while parties are ordinarily bound to take notice of all papers filed in the case, they are not required to examine the proceedings in other cases, of which they have no notice, before acting upon the state of the record in the case in which they are interested.

The approach I favor is consistent with a policy decision of this Court made in 1984 by the adoption of Rule 2–601. Prior to that time, there was considerable uncertainty concerning the effective date of a judgment. For example, where a judge signed an order granting judgment, the question remained whether the effective date of the judgment was the date of the order, or the date it was given to the clerk, or when stamped "filed," or when entered upon the docket. The decision was made to promote uniformity and certainty by providing that the date of the judgment is the date it is entered on the file jacket or docket. Rule 2–601(b).

The approach taken by the majority promotes uncertainty. For example, had the Plaintiffs obtained a judgment against the State Highway Administration in this case, that Defendant would have been required to enter an appeal

---

**1.** The Court referred to Equity Rules 2 and 3. Currently, *see* Rules 1216 and 1217(b), and Annot. Code of Md. (1974, 1984 Repl. Vol.) Courts and Judicial Proceedings Article, § 2–201.

within thirty days. If, in fact, Green Acres, Inc. had been served prior to the entry of judgment, the docket did not disclose that fact. Thus, a seemingly final judgment could proceed through briefing, argument, and decision in the Court of Special Appeals, and briefing and argument before this Court (as this case did) before the Plaintiff elected to file a return evidencing the earlier service, and according to the majority, wiping out all the intervening appellate action.

The majority is concerned that if any other approach is taken an appeal would occasionally be allowed even though a party whose rights have not been fully adjudicated is before the trial court. That is not a significant problem. The same situation will occur when a defendant is served one day after the judgment is entered or one day after the appeal has been taken, and although the appeal in those cases will be piecemeal, I do not understand the majority to hold that such service would defeat the appeals. Accommodating important and sometimes competing interests in this area of finality of judgments is difficult at best. Accordingly, we should choose the path that offers the greatest certainty and the least opportunity for unnecessary expense, inconvenience, frustration, and expenditure of judicial resources.

Holding that a party is not before the court for purposes of Rule 2–602 until a return of service has been filed (or the party has entered an appearance) would not in any way affect the operation of Rule 2–126(g) which provides that "[f]ailure to make proof of service does not affect the validity of the service." Valid service would remain valid in the absence of a return, but without a return the party would not be treated as being before the court for the purposes of Rule 2–602.

I would hold that the appeal was taken at a time when the docket entries demonstrated that the judgment was final within the meaning of Rule 2–602, and I would proceed to a decision of this appeal on the merits.