## LARSSON *v.* J. C. CONLEY CONSTRUCTION COMPANY, INC. ET AL.

[No. 170, September Term, 1970.]

*Decided December 8, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

*Warren K. Kaplan,* with whom were *John K. Crummey* and *Melrod, Redman & Gartlan* and *Ralph F. Berlow* on the brief, for appellant.

*Joseph B. Calandriello,* with whom was *Joseph Sitnick* on the brief, for appellees.

PER CURIAM.

Appellant Magnus Larsson here attempts to appeal from a decree of the Circuit Court for Prince George's County dismissing his bill to foreclose a mechanic's lien. We shall dismiss the appeal.

The decree was passed October 27, 1969. On November 6 Larsson filed a petition for rehearing. The chancellor (Powers, J.) signed an order, filed November 7, which stated:

> "Petition for Rehearing is granted. Date for hearing to be set as soon as practicable."

Rehearing was held February 17. An order was passed on February 18 again dismissing the bill of complaint. On March 19 Larsson appealed from the order of February 18. There had been no prior order to stay the effect of the decree pending the rehearing. Accordingly, the decree became enrolled 30 days after its date. Maryland Rule 625. Since no appeal was filed within 30 days after the filing of the primary decree as required by Rule 812 a, the appeal must be dismissed. *S. & G. Realty v. Woodmoor Realty,* 255 Md. 684, 259 A. 2d 281 (1969) ; *Lancaster v.*

*Gardiner,* 225 Md. 260, 170 A. 2d 181, *cert. den.,* 368 U. S. 836 (1961) ; and cases there cited.

Larsson cites *Hanley v. Stulman,* 216 Md. 461, 141 A. 2d 167 (1958), in an attempt to escape from his predicament. There a decree was passed on August 20. The order on the petition for rehearing set the matter for October 7 with a provision in the order that on that date the parties might "present such testimony and evidence as they desire". Judge (now Chief Judge) Hammond there said for the Court:

> "While it would have been preferable to have in terms suspended the operation of the decree of August 20, it is manifest that unless the court so intended, the order would have been meaningless and futile for the decree would have become enrolled well before the date set for the hearing at which the court said it would determine what action it would take as to it. As in *Hancock v. Stull,* [199 Md. 434, 437, 86 A. 2d 734 (1952),] since the order signed on the petition showed an intention to suspend the operation of the decree it had that effect and the appeal taken within thirty days from the reaffirmance of the decree on November 6 was in time." *Id.* at 467-68.

Here no such intention was manifested. Judge Powers directed the hearing to be held "as soon as practicable".

Were we to decide the case upon its merits we would affirm the decree.

*Appeal dismissed; appellant to pay the costs.*