KEITH BERNARD HARDY, ETC. ET AL. *v.* LARRY
METTS ET AL.

[No. 79, September Term, 1977.]

*Decided January 12, 1978.*

*Motion for reconsideration filed February 9, 1978; denied
February 17, 1978.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*I. Marshall Seidler*, with whom were *Eccleston, Seidler & Miller* on the brief, for appellants.

*Albert D. Brault*, with whom were *Brault, Graham, Scott & Brault* on the brief, for appellees.

DIGGES, J., delivered the opinion of the Court.

We here consider an appeal in a wrongful death action instituted as the consequence of an automobile collision which occurred on October 14, 1973, at the intersection of Federal and Bond Streets in Baltimore City. The accident resulted in the death of Herman Blake, Jr., the driver of one of the vehicles involved. This suit for damages alleging negligent operation of the other automobile was instituted on September 20, 1974, against appellee Larry Metts, its operator, and Lucille Evens, its owner, by Louise and Herman Blake in two capacities — as surviving dependent parents of Herman Blake, Jr., under the Maryland Wrongful Death Act in force at the time of the occurrence, *see* Md. Code (1957, 1970 Repl. Vol., 1973 Cum. Supp.), Art. 67, § 4 (current version as amended at Md. Code (1974, 1977 Cum. Supp.), § 3-904 of the Courts Article), and as personal representatives of his estate as authorized by Article 67, section 1 of that statute. *See* Md. Code (1957, 1970 Repl. Vol.), Art. 67, § 1 (current version as amended at Md. Code (1974 & 1977 Cum. Supp.), §§ 3-901 & 3-902 of the Courts Article). Also joining in the Lord Campbell's Act portion (Art. 67, § 4) of this suit when initially filed was appellant Keith Bernard Hardy, who alleged that he was an illegitimate dependent infant son of the decedent. Patricia B. Blake, the decedent's widow and also an appellee here, after being granted leave by the trial court on February 13, 1975, to intervene as a plaintiff in the proceedings, filed a two-count "intervenor's

declaration": By the first count, which stated she was the duly qualified "administratrix" of the decedent's estate, she sought recovery for such damages as are allowable to the personal representative in this wrongful death action, and by the second, such damages as are allowable under the statute to her as the surviving dependent widow.

Once entrenched as a party and having asserted her claims, Mrs. Blake promptly sought to eliminate from the proceedings the parents of the decedent, claiming that neither were they the duly appointed personal representatives of his estate, nor were they at the time of their son's death in any manner dependent on him for support. In addition, she sought to eliminate the claim of the infant illegitimate son of the decedent on the basis that the Maryland statute, as well as the decisions of this Court interpreting that act, at the time pertinent in this case did not permit an illegitimate child of the father to recover under Maryland's Lord Campbell's Act. *See State, Use of Holt v. Try, Inc.,* 220 Md. 270, 152 A. 2d 126 (1959). The Superior Court of Baltimore City agreed and by order dated July 10, 1975, granted summary judgment which provided that "Louise Blake and Herman Blake, as surviving parents and personal representatives of the Estate of Herman A. Blake, and Keith Bernard Hardy . . . , are hereby stricken as parties plaintiff in the pending suit." The action then lay dormant with no proceedings of record until January 20, 1977, when the court, based on a motion of that same date, entered a judgment by default in favor of Patricia Blake, both as surviving wife and as administratrix of the estate of Herman A. Blake, against Larry Metts, the only defendant upon whom service of process had been obtained. No appeal or further action was taken by the parents of the decedent, but on February 22, 1977, Keith Bernard Hardy, relying on the United States Supreme Court decisions in *Weber v. Aetna Casualty & Surety Co.,* 406 U. S. 164, 92 S. Ct. 1400, 31 L. Ed. 2d 768 (1972), and *Levy v. Louisiana,* 391 U. S. 68, 88 S. Ct. 1509, 20 L. Ed. 2d 436 (1968), filed a motion for reconsideration of the July 10, 1975, summary judgment order which the young appellant stated had determined that he "had no standing to sue as a party plaintiff by virtue of

[his] illegitimate status ...." The trial court on March 17, 1977, denied this motion and the infant appealed to the Court of Special Appeals seven days later. Since we entertained considerable doubt as to whether the Maryland statute in effect when the cause of action arose — which barred a Lord Campbell's Act recovery by an illegitimate dependent child as a result of the death of his putative father — was constitutional, this Court granted certiorari prior to consideration of the matter by the Court of Special Appeals. We conclude, however, that in view of the posture in which the case is here the constitutional issue is not directly before us, and the judgment of the Superior Court of Baltimore City must be affirmed without passing on that question.[1]

Initially, and to a large extent in summary fashion, we reject appellee Patricia Blake's motion to dismiss Keith Hardy's appeal as not being timely filed in accord with the provisions of Maryland Rule 1012 a. This rejection follows from the fact that when on February 24, 1977, she filed in these proceedings an "Order of Satisfaction" which directed that "[t]he Clerk will please enter [this action] as having been fully settled and satisfied and dismissed with prejudice," Mrs. Blake effectively eliminated herself as a litigant in the case and consequently has no standing to be further heard or otherwise participate in any way in this appeal. Cf. *Suburban Dev. Corp. v. Perryman*, 281 Md. 168, 377 A. 2d 1164 (1977).[2]

In the somewhat unusual posture in which the case is before us for review, it becomes desirable that we first determine just what adjudication by the trial court is now here for resolution. In doing so we will assume that the elimination of the infant appellant as a plaintiff by the granting of the summary judgment on July 10, 1975, with neither an "express determination that there [existed] no just reason for delay," nor "an express direction for the entry of judgment,"

1. The issue is not likely to arise again as the Maryland Wrongful Death Act has now been amended to permit recovery by an illegitimate child under 18 years of age for the wrongful death of his father. *See* Md. Code (1974, 1977 Cum. Supp.), §§ 3-901 (b) & 3-904 (g) of the Courts Article.
2. The remaining appellee, Larry Metts, who allowed judgment by default to be entered against him in the trial court, has not filed a brief or otherwise participated in this appeal.

was not a final determination under Rule 605 a, and thus did not trigger the running of the time within which either an appeal under Rule 1012 a must be noted or revisory action in connection with an unenrolled judgment under Rule 625 a must be requested. *See Madden v. Clouser*, 262 Md. 144, 145-46, 277 A. 2d 60, 61 (1971); *cf. Barrier v. Marine Midland Tr. Co.*, 263 Md. 596, 606, 284 A. 2d 418, 423 (1971). Nevertheless, it is clear under our prior decisions that when the judgment by default was entered on January 20, 1977, against the only defendant (Larry Metts) over whom the trial court had obtained jurisdiction, all claims were finally adjudicated so as to start the running of both the appeal and the preenrollment revisory power periods. *Maggin v. Stevens*, 266 Md. 14, 16-19, 291 A. 2d 440, 441-43 (1972). Here, young Keith did not seek appellate review within the thirty-day period for appeal from the primary final judgment; instead, he elected only to seek, through a motion filed on February 22, 1977,[3] reconsideration and striking by the trial court of its July 10, 1975, order. However, such a motion, absent an order staying the effect of the final judgment, does not toll the running of the period for appeal. *Hanley v. Stulman*, 216 Md. 461, 467, 141 A. 2d 167, 170 (1958); *Tiller v. Elfenbein*, 205 Md. 14, 19, 106 A. 2d 42, 44 (1954); *Hancock v. Stull*, 199 Md. 434, 437, 86 A. 2d 734, 735 (1952). Consequently, by the appeal noted on March 24, 1977, the sole issue properly before us for determination is the correctness of the March 17th refusal by the trial court to strike its previous order of July 10, 1975, dismissing the appellant as a plaintiff.[4] *Baker v. Co. Comm'rs*, 255 Md. 490, 493-94, 258 A. 2d 399, 400-01 (1969) (procedural factual pattern quite similar to that in the present case).

After a judgment which is final for appeal purposes is entered, the question whether it should or should not be va-

---

3. Because Monday, February 21, 1977, was a State legal holiday, this motion was timely filed. Maryland Rule 8.

4. In fact the appellant's order of appeal so limits the scope of the review sought. It reads: "Please enter an appeal to the Court of Special Appeals on behalf of Keith Bernard Hardy ... from the final judgment entered in this action on March 17, 1977."

6

cated in whole or in part by the trial court under Rule 625 a rests for the next thirty days in the discretion of that court. *Lancaster v. Gardiner,* 225 Md. 260, 268, 170 A. 2d 181, 185, *cert. denied,* 368 U. S. 836 (1961); *Hanley v. Stulman, supra* at 469 [171]; *Hancock v. Stull, supra* at 437 [735]. And the exercise of this discretion will not be disturbed unless clearly shown to have been abused. *Lancaster v. Gardiner, supra* at 268-69 [185]. This is particularly true where, as here, the dispute between the infant appellant and the decedent's widow was decided by the trial court on the merits rather than being terminated through the entry of a judgment by default for want of an appearance by the defendant. Although this Court has not before had occasion to state the principle in this context, we now hold that when the trial court denies a Rule 625(a) preenrollment request to revise a final judgment rendered on the merits, if that judgment was based solely on a question of law an appellate court will not ordinarily disturb the trial court's discretionary decision not to reopen the matter; an appeal from the primary judgment itself is the proper method for testing in an appellate court the correctness of such a legal ruling. To reach any other conclusion would have the effect of permitting, if not two appeals, a delayed appeal of the original legal issue decided by the trial court, a result both undesirable and unintended by the rule. Appellant took no appeal from the primary judgment which was entered and "it cannot [now] obtain a review of it under the guise of seeking a review of the exercise of judicial discretion in refusing to set it aside." *S. & G. Realty v. Woodmoor Realty,* 255 Md. 684, 692-93, 259 A. 2d 281, 285 (1969).

> *Order affirmed; costs to be paid one-half by appellant Keith Bernard Hardy and one-half by appellee Patricia B. Blake.*