482 A.2d 868

**Frank Edward HENSLEY et al.**

v.

**STATE of Maryland**

**No. 78, Sept. Term, 1984.**

Court of Appeals of Maryland.

Oct. 23, 1984.

Motion for Reconsideration Denied Nov. 20, 1984.

Richard M. Karceski, Baltimore (Domenic R. Iamele, Joseph F. Murphy, Jr., Anton J.S. Keating and Miles R. Eisenstein, Baltimore, on the brief), for appellants.

Deborah K. Chasanow, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee.

Argued before SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

PER CURIAM.

This is an appeal from the denial by the Circuit Court for Baltimore City of a "Motion for Recision of September 28, 1983 Order unsealing Wiretap Evidence." This Court granted appellants Petition for *Writ of Certiorari* prior to consideration by the Court of Special Appeals. We shall affirm.

It appears that on October 14, 1980, a "Wiretap Order" was issued by the Criminal Court of Baltimore authorizing electronic surveillance of certain telephones ordinarily used by appellants. As a result of evidence obtained through the wiretaps, criminal lottery charges were filed against the appellants. A Baltimore City judge of the District Court of Maryland granted the appellants motion to suppress the wiretap evidence and the State entered a *nolle prosequi* as to all charges. Thereafter the wiretap evidence was treated as "sealed."

Later the appellants were indicted in the United States District Court for the District of Maryland for alleged offenses arising from the wiretaps. In September, 1983, the State's Attorney for Baltimore City filed a petition in the Circuit Court for Baltimore City "pursuant to Courts Article 10–408(g)(2) seeking unsealing of Original Tapes and Logs." In the petition it was stated that appellants "were indicted in the Federal District of Maryland for offenses arising from the wiretap" *(sic)* and that the "Assistant United States Attorney needs to disclose the logs and tapes to the defense counsel for purposes of discovery and to use

in evidence at trial." Judge Milton B. Allen signed an order granting the petition on September 28, 1983.

Under date of January 24, 1984, the appellants filed in the Circuit Court for Baltimore City a "Motion for Recision of September 28, 1983 Order unsealing Wiretap Evidence." The State filed an answer in opposition and after a hearing, Judge Allen signed an order on February 22, 1984, denying the appellants' motion.

It is at once apparent that the appellants' Motion to rescind the order of September 28, 1983, was filed after the expiration of the September Term 1983, that term having ended on the second Monday in January, 1984 (January 10th). Md.Rule 1206 c. Since there was no allegation or evidence of any fraud, mistake or irregularity, it is clear that Judge Allen was without authority to grant the motion to rescind and, accordingly, the motion was properly denied. *Ayre v. State*, 291 Md. 155, 159–160, 433 A.2d 1150 (1981). *See* also *Hardy v. Metts*, 282 Md. 1, 381 A.2d 683 (1978).

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY THE APPELLANTS.