487 A.2d 650

**Stanley A. RADVAN–ZIEMNOWICZ**

v.

**COMMISSION ON MEDICAL DISCIPLINE.**

No. 150, Sept. Term, 1984.

Court of Appeals of Maryland.

Feb. 6, 1985.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE and RODOWSKY, JJ.

PER CURIAM:

In this case Dr. Stanley A. Radvan-Ziemnowicz appealed to the Circuit Court for Montgomery County from the action of the Commission on Medical Discipline. That court granted the Commission's motion raising preliminary objection and dismissed the appeal on July 3, 1984. On July 16 Radvan-Ziemnowicz filed a motion for reconsideration. This was denied on September 11. Radvan-Ziemnowicz entered an appeal to the Court of Special Appeals on September 21. That court by order dated October 17, 1984, dismissed the appeal "as untimely filed in violation of Maryland Rule 1035.b.3." The cited rule provides that on motion an appeal

in the Court of Special Appeals may be dismissed where the order for appeal has not been filed with the lower court within the time prescribed by Maryland Rule 1012. Under Rule 1012 a an order for an appeal shall be filed within thirty days from the date of the judgment appealed from except in certain situations not here relevant.

Radvan-Ziemnowicz petitioned us for a writ of certiorari. We hold that the Court of Special Appeals erred in dismissing the appeal. Therefore, we have issued a writ of certiorari without considering the merits of the question presented by the petitioner and shall remand the case to the Court of Special Appeals for consideration of the appeal from the denial of the motion for reconsideration.

The Court of Special Appeals was partially correct in its reasoning. A motion for reconsideration, absent an order staying the effect of the final judgment, does not toll the running of the period for appeal. *Hardy v. Metts,* 282 Md. 1, 5, 381 A.2d 683, 686 (1978); *Tilghman v. Riggs National Bank,* 261 Md. 306, 307, 274 A.2d 336, 337 (1971); *Larsson v. J.C. Conley Constr. Co.,* 260 Md. 21, 22, 271 A.2d 356, 357 (1970), and *S. & G. Realty v. Woodmoor Realty,* 255 Md. 684, 689, 259 A.2d 281, 283–84 (1969). There was no order staying the effect of the final judgment here. Hence, Radvan-Ziemnowicz may not bring before the Court of Special Appeals the propriety of the action of the Circuit Court for Montgomery County in dismissing his appeal from the Commission on Medical Discipline. However, the appeal was timely filed from the denial of the motion for reconsideration. Thus, the propriety of the trial court's action in declining to reconsider the judgment was before the Court of Special Appeals. *Hardy,* 282 Md. at 6, 381 A.2d at 686; *S. & G. Realty,* 255 Md. at 690, 259 A.2d at 284, quoting *Lancaster v. Gardiner,* 225 Md. 260, 268, 170 A.2d 181, 184, *cert. denied,* 368 U.S. 836, 82 S.Ct. 63, 7 L.Ed.2d 37 (1961); and *Baker v. Co. Comm'rs,* 255 Md. 490, 495, 258 A.2d 399, 401 (1969). We hasten to point out that, as indicated in the cited cases, the standard for review of

the trial court's order is whether there was an abuse of discretion.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO ABIDE THE FINAL RESULT.